AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern          District of          West Virginia

UNITED STATES OF AMERICA          **JUDGMENT IN A CRIMINAL CASE**
V.
LOUIS F. ORTENZIO, JR., M.D.

Case Number:     1:05CR00083

USM Number:     05207-087

Thomas G. Dyer
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   One and Two

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud | April 2002 | One |
| 21 U.S.C. § 843(a)(3) | Obtaining Controlled Substances by Fraud | October 2003 | Two |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                  ☐ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 24, 2006
Date of Imposition of Judgment

/s/ Robert E. Maxwell
Signature of Judge

Robert E. Maxwell, United States District Judge
Name and Title of Judge

March 24, 2006
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 4—Probation

Judgment—Page __2__ of __6__

DEFENDANT:    LOUIS F. ORTENZIO, JR., M.D.
CASE          1:05CR00083

# PROBATION

The Defendant is hereby sentenced to probation for a term of **5 Years**. This term consists of 5 years probation for Count 1 (Health Care Fraud) and 5 years probation for Count 2 (Obtaining a Controlled Substance by Fraud). Both terms of probation shall run concurrently.

The first six months of this term of probation will be served on home detention, and the home detention requirement shall commence immediately.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 4A — Probation

Judgment—Page 3 of 6

DEFENDANT:      LOUIS F. ORTENZIO, JR., M.D.
CASE NUMBER:    1:05CR00083

## ADDITIONAL PROBATION TERMS

The first six months of the Defendant's five-year term of probation will be served on home detention, and the home detention requirement shall commence immediately.

During the first six months of probation, when the Defendant is on home detention, he shall observe the rules of home detention specified by his Supervising Probation Officer.

During the first six months of probation, when the Defendant is on home detention, he shall remain at his residence except for approved absences for gainful employment; medical care; and such other times as may be specifically authorized in advance by his Supervising Probation Officer.

During the first six months of probation, when the Defendant is on home detention, he shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones.

The Defendant shall make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A and 3664, and shall pay any assessment imposed in accordance with 18 U.S.C. § 3013.

The Defendant shall notify the Court of any material change in his economic circumstances that might affect his ability to pay restitution, fines or special assessment.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
              Sheet 4C — Probation

Judgment—Page 4 of 6

**DEFENDANT:** LOUIS F. ORTENZIO, JR., M.D.
**CASE NUMBER:** 1:05CR00083

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall perform 1,000 hours of community service as directed by his Supervising Probation Officer.

The Defendant shall pay any financial penalty that is imposed by this judgment. It shall be a condition of probation that the Defendant pay any such fine or restitution in accordance with the Court-ordered schedule of payments.

The Defendant shall immediately begin making fine and/or restitution payments of at least $100.00 a month, with each payment due on the first of each month.

The Defendant shall provide his Supervising Probation Officer with access to any requested financial information.

The Defendant shall not incur new credit charges or open additional lines of credit without the approval of his Supervising Probation Officer unless the Defendant is in compliance with the installment payment schedule.

The Defendant shall participate in a program of testing, counseling and treatment for the use of drugs if so ordered by his Supervising Probation Officer and until such time as the Defendant is released from the program by his Supervising Probation Officer.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

| DEFENDANT: | LOUIS F. ORTENZIO, JR., M.D. |
|---|---|
| CASE NUMBER: | 1:05CR00083 |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 213,946.55 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Advance Med-Medicare Programs Safeguard Contractor 3490 Gantz Road, Suite F Grove City, OH 43123 | $213,680.24 | $213,680.24 | 50% |
| WV Medicaid Fraud Control Unit 1900 Kanawha Blvd. East Capitol Complex Building 6, Room B-848 Charleston, WV 25305 | $266.31 | $266.31 | 50% |
| **TOTALS** | $  213,946.55 | $  213,946.55 | |

X  Restitution amount ordered pursuant to plea agreement  $  213,946.55

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X  the interest requirement is waived for the   ☐ fine   X  restitution.

  ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page    6    of    6

DEFENDANT: LOUIS F. ORTENZIO, JR., M.D.
CASE NUMBER: 1:05CR00083

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** X Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** X Payment in equal monthly installments of at least $100.00 with each payment due on the first of the month, and with the first payment due on April 1, 2006.

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

   **ALL CRIMINAL MONETARY PENALTY PAYMENTS ARE TO BE MADE TO THE CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF WEST VIRGINIA, P.O. BOX 1518, ELKINS, WEST VIRGINIA 26241.**

   **The $200.00 special monetary assessment shall be due in full immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: LOUIS F. ORTENZIO, JR., M.D.
CASE NUMBER: 1:05CR00083
DISTRICT: NORTHERN DISTRICT OF WEST VIRGINIA

# STATEMENT OF REASONS
(Not for Public Disclosure)

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  **X**  **The court adopts the presentence investigation report without change.**

B  ☐  **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

   1  ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

   2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3  ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain presentence report that the Federal Bureau of Prisons may rely on when it makes inmate or programming decisions):

C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  **X**  No count of conviction carries a mandatory minimum sentence.

B  ☐  Mandatory minimum sentence imposed.

C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐  findings of fact in this case
   ☐  substantial assistance (18 U.S.C. § 3553(e))
   ☐  the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 17
Criminal History Category: 1
Imprisonment Range: 24 months to 30 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 5,000.00 to $ 50,000.00
**X**  Fine waived or below the guideline range because of inability to pay.